IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

REBECCA JAGGARS and
JOHN C. JAGGARS,

    PLAINTIFFS,

v.                                                                     CASE NO. CV-01-J-3001-NW

LAUDERDALE COUNTY, et al.,

    DEFENDANTS.

## MEMORANDUM OPINION

The defendant Lauderdale County filed a motion for summary judgment (doc. 16) to which the plaintiffs have responded and submitted evidence in support of their opposition (doc. 17). The defendant thereafter filed a reply. The court has heard oral arguments on said motion. The court has carefully reviewed the motion, and considered the briefs, evidence and arguments of the parties.

The plaintiffs brought this case asserting claims for violation of Title VII for sexual harassment. Plaintiff Rebecca Jaggars (hereinafter referred to as "plaintiff") alleges she endured retaliation in violation of Title VII for retaliation after she complained of the harassment in the form of a lost promotion, being subjected to random drug screens when other employees were not, loss of work hours, and constructive discharge. Plaintiff has also filed claims for invasion of privacy; assault and battery and outrage. Plaintiff John Jaggars has filed a loss of consortium claim.

Plaintiff Rebecca Jaggars asserts she was employed by Lauderdale County and by Lauderdale County Sheriff's Department at the Lauderdale County Work Facility. Complaint, ¶ 2. Defendant argues that the plaintiff was solely an employee of the Sheriff of Lauderdale County. Defendant's brief at 4. This court has previously dismissed the plaintiffs' claims against the "Lauderdale County Sheriff's Department" as the sheriff's department (as opposed to the sheriff) is not a legal entity subject to suit. *See* Order of January 17, 2002 (doc. 8). Thus, if the plaintiff was solely employed by the Sheriff of Lauderdale County, who is not a party to this litigation, the court must grant the defendant's motion for summary judgment on the plaintiff's claims against Lauderdale County. The court has therefore carefully considered the evidence submitted by the parties concerning who employed plaintiff Rebecca Jaggars.

The party moving for summary judgment has the burden of demonstrating that no genuine issue of material fact exists and that he or she is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, (1986). After the moving party has met its burden of demonstrating the absence of any genuine issue of material fact, the non-moving party must make a showing sufficient to establish the existence of each element essential to that party's case. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553.

For a prima facie case plaintiff must show that: 1) she is a member of a protected class; 2) she was subject to unwelcome harassment; 3) the harassment was based on sex; 4) that the harassment affected "terms, conditions, or privileges of employment" and 5) that the employer knew of the harassment and failed to take corrective action. *Henson v. City of*

*Dundee,* 682 F.2d 897, 903-05 (11th Cir.1982); *Breda v. Wolf Camera,* 222 F.3d 886, 889 & n. 3 (11th Cir.2000). For sexual harassment, she must demonstrate that she was subject to unwelcome conduct and that the harassment was severe and pervasive enough that a reasonable person would find the environment to be hostile. *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21 (1993).

Given that the plaintiff must demonstrate that her employer was aware of the harassment, an essential element of the plaintiff's prima facie case is establishing who her employer was. The Eleventh Circuit Court of Appeals first addressed the issue of whether establishing the defendant as an "employer" is a necessary element of the plaintiff's claim in *Garcia v. Copenhaver, Bell & Associates, M.D.'s,* 104 F.3d 1256, 1262 (11th Cir.1997). Although Garcia considered the question in the context of the ADEA, the court finds the logic of that case, that "a plaintiff can only recover if he is able to prove an 'employer' discriminated against him/her on the basis of age" equally applicably here. *See Id.* at 1263. A plaintiff can only recover for a sexual harassment claim under Title VII if she is able to prove her employer knew of the harassment and failed to take corrective action.

Both parties have submitted evidence on the issue of who employed plaintiff Rebecca Jaggars. The court notes that this appears to be a case of first impression, as neither party has provided the court with any case concerning who is the employer of work release center employees, and the court has been unable to locate any cases interpreting Alabama law on this issue.

The defendant relies on the undisputed fact that, upon undergoing harassment by her supervisor, the plaintiff reported the harassment to Investigator Witt, a Sheriff's department employee.[1]  Complaint at ¶ 7.  In her Charge of Discrimination, the plaintiff listed "Lauderdale County Sheriff's Department" as her employer.  Exhibit A to complaint.  However, the Notice of Right to Sue shows that the charge was brought against "County of Lauderdale, Sheriff's Department, et al."  Exhibit B to complaint.  Further, in plaintiff Rebecca Jaggars' affidavit in support of her EEOC charge, she states she was employed by "the Lauderdale County Sheriff's Department and Lauderdale County."  Affidavit at ¶¶ 1, 2, submitted as Exhibit 4 to plaintiffs' submission in opposition (doc. 17).  Her Statement of Claim was a demand upon "Lauderdale County, Alabama."  *See* Statement of Claim, submitted within plaintiffs' submission in opposition.  Rebecca Jaggars W-2 forms for 1999-2001 list the employer as "Lauderdale County Commission."  Submitted as Exhibit 5 to plaintiffs' submission in opposition.  The paperwork for plaintiff to participate and withdraw from participation in the state retirement system also lists "Lauderdale County Commission" as the plaintiff's employer under the section entitled "Certification of Employing Official."  *Id.*  Under "classification or Title of Position you will hold" the blank was completed with

---

[1] While defendant Lauderdale County argues that the plaintiff did not comply with the proper procedure to report sexual harassment, the undisputed evidence before the court is that no sexual harassment policy was posted and no evidence that the plaintiff was ever given any instruction as to the procedure to follow.  *See Farragher v. City of Boca Raton, Florida*, 524 U.S. 775 (1998) (stating that to claim a defense of reasonable care to prevent and correct promptly sexually harassing behavior, or to claim that the plaintiff unreasonably failed to take advantage of any corrective opportunities, the defendant must notify the plaintiff of the correct procedure to follow).

"Work Release Officer." The following line which asks for "Name of Employing Agency" was completed with "Lauderdale County Commission." *Id.* The section which states "To be completed by employing agency" again lists "Lauderdale County Commission" as "Name of Employing Agency" and is certified by the Chairman of the Lauderdale County Commission. *Id.*

Further supporting plaintiff's claim that she was employed by both the Sheriff and the County Commission is her "Workman's Compensation Notice" which states "[t]he undersigned employee of the Lauderdale County Commission accepts notice that Workman's Compensation benefits are provided for the employees of Lauderdale County, Alabama, and that any employee to be entitled to benefits thereunder must report to the Clerk of the Lauderdale County Commission of Lauderdale County, Alabama .... The undersigned employee has received and understands the foregoing conditions and accepts employment with Lauderdale County subject to the above conditions." *Id.* Also submitted by the plaintiff is her application for employment with "Lauderdale County Application for Employment" emblazoned across the top, and addressed to the "Lauderdale County Commission." Id.

When James Crosswhite quit his employment at the work release center, the paperwork completed shows his job description as "Work Release Officer" and a certification completed by the "Personnel Clerk" of the "Lauderdale County Commission." Exhibit 6 to plaintiffs' submission in opposition. The job description for a shift supervisor in the "Work Release" Department states "Lauderdale County" at the top of the page and shows that this person reports to the "Work Release Director." *Id.*

5

The Eleventh Circuit Court of Appeals has found that "two or more state or local government entities will be treated as a single "employer" under Title VII where one entity exerts or shares control over the fundamental aspects of the employment relationships of another entity, to such a substantial extent that it clearly outweighs the presumption that the entities are distinct." *Lyes v. City of Riviera Beach, Florida,* 166 F.3d 1332, 1345 (11th Cir.1999). The Eleventh Circuit stated that "indicia of control" include "the authority to hire, transfer, promote, discipline, or discharge; the authority to establish work schedules or direct work assignments; and the obligation to pay or the duty to train the charging party." *Id., citing Oaks v. City of Fairhope, Ala.*, 515 F.Supp. 1004, 1035 (S.D.Ala.1981).

The plaintiff also cites to the Alabama Code section which authorizes each county to establish a work release center for county inmates and state inmates in the custody of the county. Alabama Code §§14-8-30 *et seq.* Such programs may be established "at the option of the county." Ala.Code § 14-8-31(a). Pursuant thereto, "[e]ach county electing to establish a work release program under this article is authorized to adopt regulations and policies for extending the limits of the place of confinement of an inmate ..." Ala.Code § 14-8-33(a). Under §14-8-41(a), "[t]he county commission may designate any officer or employee of the county to do and perform for the county any act or function this article empowers the county to do or perform; provided, however, that no elected official of the county shall be designated to do or perform any act or function for the county unless such elected officer is agreeable to being so designated."

In contrast to the above Code sections, the Alabama Code also states that "[t]he sheriff has the legal custody and charge of the jail in his county and all prisoners committed thereto, except in cases otherwise provided by law, and may appoint a jailer for whose acts he is civilly responsible." Ala.Code § 14-6-1. The court finds that the Alabama legislature could have specified that the sheriff had legal custody and charge of a work release center, but did not do so. Furthermore, because of the contrast in the provisions of the Alabama Code, the court finds the cases on which defendant relies, which each involve suits by a jail employee, to be inapposite.

Additionally, in deposition, the accused harasser, James Crosswhite, was asked who his last employer was, to which he replied "Lauderdale County sheriff's department." He was asked "The sheriff's department was your employer?" to which he responded "Work release." Deposition of Crosswhite at 8-9. While Crosswhite also testified that the Sheriff was the top of the chain of command, however, under Ala.Code § 14-8-41(a), the county commission has the authority to designate "any officer or employee of the county to do and perform for the county any act or function this article empowers the county to do or perform." Clearly, the sheriff is an "officer" of the county. The work release employees were paid by checks that indicated "Lauderdale County" on them. Crosswhite depo. at 41.

The court finds this to be an unresolved question of fact, and is thus led to the conclusion that a genuine issue of material fact exists which precludes summary judgment

on plaintiff's claim under Title VII for sexual harassment.[2] *See Garcia,* 104 F.3d at 1266-1267.

Similarly, plaintiff's claim that she was terminated in retaliation for complaining about the sexual harassment depends on her proof that she was harassed and that her employer failed to take corrective action. For this claim, she must show 1) she engaged in protected activity, 2) she was subject to an adverse employment action and 3) the adverse action was causally related to her protected activity. *See Gupta v. Board of Regents*, 212 F.3d 571, 587 (11th Cir. 2000). The plaintiff here asserts she was constructively discharged after being placed on unpaid administrative leave. Should the plaintiff be able to establish that her sole or joint employer was the Lauderdale County Commission, the plaintiff has shown that genuine issues of material fact exist on her claim of retaliation.

The plaintiff Rebecca Jaggars also asserts state law claims of invasion of privacy, assault and battery, and outrage against defendant Crosswhite as an individual and defendant Lauderdale County for ratifying Crosswhite's behavior by failing to take corrective action. The court finds the claims against Crosswhite are not before it as no motion for summary judgment has been filed on his behalf. As the state law claims against the county are derivative of those against Crosswhite, the court finds summary judgment on these claims

---

[2] The court finds that the merits of plaintiff's claim, if reached in this opinion, are such that genuine issues of material fact remain. Thus, the court finds the issue of the plaintiff Rebecca Jaggars' employer pivotal in whether the merits of her claim may be reached and therefore does not discuss the factual basis for her claim here. In other words, should the plaintiff fail to prove she was an employee of Lauderdale County, all of her claims against the county would fail as a matter of law.

on behalf of defendant Lauderdale County to be inappropriate based on the evidence currently before the court. Similarly, as the plaintiff John Jaggars' claims are based on the establishment of plaintiff Rebecca Jaggars' claims, the court finds summary judgment to be inappropriate.

The court does, however, find summary judgment due to be granted on the claim of outrage against the county. In the plaintiffs' opposition to the defendant's motion for summary judgment, the plaintiff does not address her claim for outrage and as such, is deemed to have abandoned it. *See e.g., Resolution Trust Corp. v. Dumar*, 43 F.3d 587, 591 (11th Cir.1995); *Love v. Deal,* 5 F.3d 1406, 1407 n. 1 (11th Cir.1993) (brief did not address issue, and hence it was deemed abandoned); *Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n. 6 (11th Cir.1989) (failure to elaborate argument in brief resulted in abandonment of issue).

Additionally, the court finds summary judgment due to be granted on the plaintiffs' claims for punitive damages against Lauderdale County. *See* § 6-11-26, Alabama Code 1975. *See also* plaintiffs' response to defendant's motion to dismiss (doc. 6) (agreeing that defendant Lauderdale County is not subject to punitive damages).

It is therefore **ORDERED** by the court that the defendant Lauderdale County's motion for summary judgment be and hereby is **DENIED** as to Counts I, II, III and V of the complaint. Summary judgment is **GRANTED** in favor of the County and against the plaintiffs on County IV of the complaint. Summary judgment is also **GRANTED** in favor

of the County and against the plaintiffs on all of plaintiffs' claims for punitive damages against defendant county.

    **DONE** and **ORDERED** this the ___17___ day of December, 2002.

                                        INGE P. JOHNSON
                                        UNITED STATES DISTRICT JUDGE